# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 16-1270V
Filed: March 29, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ANGELA BARRY, | |
| Petitioner, | |
| v. | Attorneys' fees and costs decision; Reasonable attorneys' fees and costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Renee J. Gentry, Washington, DC, for petitioner.
Mallori B. Openchowski, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 5, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that the Tetanus-Diphtheria ("Tetanus") vaccine she received on February 7, 2015 caused her Shoulder Injury Related to Vaccine Administration ("SIRVA"). Pet. Preamble.

On November 30, 2017, the parties filed a stipulation in which they agreed to settle this case and described the settlement terms. Respondent agrees that petitioner suffered a SIRVA but denies that the Tetanus vaccine caused any other injury. Nonetheless, the parties agreed to resolve this matter informally. On November 20, 2017, the undersigned issued a decision

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

awarding compensation in the amount and on the terms set forth in the stipulation. Judgment entered on December 4, 2017.

On March 23, 2018, petitioner filed an application for attorneys' fees and costs, requesting attorneys' fees of $18,619.33, attorneys' costs of $580.94, and petitioner's personal costs of $15.50, for a total request of $19,215.77.

On March 28, 2018, respondent filed a response to petitioner's motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).  Resp. at 2.  Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 3.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees and costs request reasonable.  Therefore, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.  Accordingly, the court awards**:**

a. **$19,200.27**, representing attorneys' fees and costs incurred by George Washington University Law School Vaccine Injury Clinic.  The award shall be in the form of a check made payable jointly to petitioner and George Washington University Law School Vaccine Injury Clinic in the amount of **$19,200.27**;

b. **$15.50**, representing petitioner's personal costs.  The award shall be in the form of a check made payable to petitioner in the amount of **$15.50**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: March 29, 2018                               /s/ Laura D. Millman
                                                                    Laura D. Millman
                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.